UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. BOOK, )<br>        Plaintiff, )<br> ) | | |
| v. ) | CAUSE NO.: 1:19-CV-323-JEM | |
| ) | | |
| ANDREW SAUL, )<br>Commissioner of the )<br>Social Security Administration, )<br>        Defendant. ) | | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Christopher Book on July 22, 2019, and Plaintiff's Opening Brief [DE 22], filed March 23, 2020. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On April 30, 2020, the Commissioner filed a response. Plaintiff did not file a reply. For the foregoing reasons, the Court reverses the Commissioner's decision and remands the case for further proceedings.

**I.    Background**

On September 14, 2016, Plaintiff filed an application for benefits alleging that he became disabled on August 11, 2016. Plaintiff's application was denied initially and upon consideration. On June 1, 2018, Administrative Law Judge ("ALJ") Stephanie Katich held a hearing at which Plaintiff,, his attorney, and a vocational expert ("VE") testified. On September 26, 2018, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.

2.  The claimant did not engage in substantial gainful activity since August 11, 2016, the alleged onset date.

3. The claimant has the following severe impairments: status post right frontal lobe meningioma resection with residual headaches and intermittent loss of vision; coronary artery disease/arteriosclerosis, status post congestive heart failure and coronary artery stenting; diabetes with diabetic neuropathy in the lower extremities; migraines; and a remote history of stress fracture in the bilateral ankles.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, the claimant has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a), except that he can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, and he can never climb ladders, ropes, or scaffolds. With respect to his work environment, the claimant should avoid all concentrated exposure to loud noise; unguarded moving machinery; wet, slippery or uneven surfaces; fumes; odors; dusts; gases; and other similar respiratory or pulmonary irritants, and he should avoid all exposure to unprotected heights, open flames, and large bodies of water.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on October 26, 1970 and was 45 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 11, 2016, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 10]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v.*

3

*Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (*O'Connor-Spinner I*); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner I*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

**III.    Analysis**

Plaintiff argues that the ALJ included inadequate limitations for his headaches in the RFC. The RFC is an assessment of what work-related activities the claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); *see also* 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See*

4

20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3). Although an ALJ is not required to discuss every piece of evidence, she must consider all of the evidence that is relevant to the disability determination and provide enough analysis to permit meaningful judicial review. *Clifford*, 227 F.3d at 870; *Young*, 362 F.3d at 1002. In other words, an ALJ must build an "accurate and logical bridge from the evidence to his conclusion." *Scott*, 297 F.3d at 595 (quoting *Steele v. Barnhart*, 290 F.3d 9236, 941 (7th Cir. 2002)).

When determining a claimant's subjective symptoms, the ALJ must consider a claimant's statements about his symptoms, such as pain, and how the symptoms affect his daily life and ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2017 WL 5180304 (October 25, 2017). The ALJ is not permitted to

> make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent." . . . The decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the evaluated the individual's symptoms.

SSR 16-3p, 2017 WL 5180304 at *9. "[T]he absence of objective medical corroboration for a complainant's subjective accounts of pain does not permit an ALJ to disregard those accounts." *Ghiselli v. Colvin*, 837 F.3d 771, 777 (7th Cir. 2016); see also *Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) ("[T]he ALJ erred in rejecting [the plaintiff]'s testimony on the basis that it cannot be objectively verified with any reasonable degree of certainty. An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain.").

Following brain surgery in November 2016, Plaintiff began complaining of severe headaches. In January 2017, his neurosurgeon prescribed him amitriptyline. In May 2017, he

5

complained of headaches reaching a ten out of ten in severity, and was prescribed Topamax. He repeated complaints of headaches to his neurologist in August 2017 and December 2017. At the hearing, Plaintiff testified that he had headaches, of differing intensities, at least once a day, but that six out of seven days, he will have "mean headaches" requiring him to lay down for at least thirty minutes. AR 60-61.

The ALJ found that Plaintiff's headaches were a severe impairment, and addressed them in the RFC by restricting Plaintiff's exposure to loud noises. Specifically, the ALJ found that "although the intensity of the allegations [is] not objectively verifiable, the undersigned considered the potential limitations the headaches might cause and has accommodated them by restricting the claimant's exposure to loud noise." It appears the ALJ used the fact that Plaintiff's complaints were not objectively verifiable was used as a reason to discount "the intensity of the allegations," which is not permitted. *See Ghiselli*, 837 F.3d at 777 ("[T]he absence of objective medical corroboration for a complainant's subjective accounts of pain does not permit an ALJ to disregard those accounts."). Presumably the ALJ also concluded that the complaints, in addition to being unverifiable, were inconsistent with the record; but Plaintiff's complaints were recognized by his primary care physician, neurosurgeon, and neurologist, and he was prescribed amitriptyline, Topamax, and duloxetine. Having recited this medical evidence, and making no other findings specific to Plaintiff's headache complaints, the ALJ failed to build a logical bridge to her conclusion that the complaints were exaggerated. *Smith v. Astrue*, 467 F. App'x 507, 511 (7th Cir. 2012) (remanding where the ALJ's opinion "tick[ed] off certain medical evidence, but did not "specify how the evidence undermines [the plaintiff's] credibility"); *Moore*, 743 F.3d at 1125 (reversing where the ALJ's decision "rests upon a skewed portrayal of the evidence that ignores extensive evidence of chronic debilitating migraines, including recognition of that problem by all

treating physicians").

Nor did the ALJ explain how she concluded that the restriction of no loud noises would "accommodate" the limitations caused by the headaches. Although state agency examiner Dr. M. Brill recommended avoiding loud noise, it was not clear whether this restriction was intended to ameliorate existing symptoms or prevent further symptoms. Plaintiff testified that he got headaches at unpredictable times, during the day and night, and neither Dr. Brill nor the ALJ pointed to any evidence in the record linking the headaches to loud noises. The error is particularly relevant because Plaintiff testified that his headaches occur six days a week and could last from a half hour to a day, *see* AR 61, while the VE testified that extended breaks would preclude employment, *see* AR 80. Because the ALJ failed to explain why Plaintiff's allegations were inconsistent with the evidence and failed to show how the limitations in the RFC addressed the underlying severe impairment, remand is required.

The Court is also concerned by the ALJ's treatment of Plaintiff's non-severe impairments generally. The ALJ found that ten of Plaintiff's alleged impairments were non-severe, and explained that finding as follows: "[T]he undersigned has read and considered all the evidence of record, regardless of whether or not there are specific citations to it in the decision. . . . There is no evidence that these conditions were not controlled, or could not come under control with proper treatment. Nor is there no [sic] evidence the conditions were durational, i.e., lasting for twelve continuous months despite treatment." Even if it were true, the explanation that the record shows ten different impairments were under control "regardless of whether or not there are specific citations to it" frustrates meaningful review. *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a

claimant] meaningful review.") (quoting *Scott*, 297 F.3d at 595). In addition, this finding does not satisfy SSR 16-3p, which requires the ALJ to "evaluate whether [subjective complaints] are consistent with objective medical evidence and the other evidence," and "explain" which symptoms were found to be consistent or inconsistent with the evidence. SSR 16-3p, 2016 WL 1119029 at *6, *8; *see also Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001) (remanding where ALJ failed to "explain[] the inconsistencies" between a claimant's activities of daily living, his complaints of pain, and the medical evidence) (citing *Clifford*, 227 F.3d at 870-72).

Some of these non-severe impairments were analyzed more fully, but others were not. For example, the ALJ found that Plaintiff's irritable bowel syndrome was non-severe, but made no other findings specific to the issue. Plaintiff testified that he used the bathroom "excessively" because of his gastrointestinal problems, and "[i]f I have to go to the bathroom, I'm literally running, and I better be close by, otherwise, I have an accident." AR 63. A medical report from September 2016, addressing an unrelated issue, indicated that Plaintiff reported missing appointments because of "accidents" with diarrhea. AR 372. Doctors addressed these symptoms with Plaintiff in January and February 2017, *see* AR 1002, 1005. Plaintiff stopped taking metformin because it was apparently exacerbating his symptoms, but saw only mild improvement. *See* AR 1101. There was evidence in the record that Plaintiff's symptoms were not controlled despite the efforts of medical providers, so listing irritable bowel syndrome as a non-severe impairment for which "[t]here is no evidence that these conditions were not controlled, or could not come under control with proper treatment" was not a sufficient analysis.

On remand, the ALJ must build a logical bridge between the evidence in the record and the ultimate conclusions. *See Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the

opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusion."). The ALJ should analyze Plaintiff's known medical impairments, both severe and non-severe, and explain why they are or are not included in the RFC. The ALJ must also analyze Plaintiff's subjective complaints in the manner prescribed by SSR 16-3p, explaining which symptoms he or she finds consistent or inconsistent with the evidence, and is reminded that a claimant's complaints of pain cannot be dismissed solely because objective tests do not confirm them. *Villano*, 556 F.3d at 562.

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 22] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 14th day of August, 2020.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record